UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOBADILLA,<br><br>Plaintiff,<br><br>v.<br><br>GARY KNIGHT,<br><br>Defendant. | No. 2:18-cv-1778 KJN P<br><br>ORDER AND ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's complaint was removed from Amador County Superior Court; defendant paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Screening

Plaintiff alleges that on May 21, 2017, defendant Knight retaliated against plaintiff based solely on plaintiff's right to free speech. Specifically, while locked in his cell at Mule Creek State Prison, plaintiff verbally objected when he witnessed prison guards beat another inmate who was shackled by his ankles and his wrists, and as the guards drug the inmate into the sally port, plaintiff witnessed a guard kick the inmate in the face like a soccer ball. Subsequently, plaintiff and his cell mate were extracted from their cell by threat of pepper spray, as was another inmate, and then their personal property was damaged and thrown away. They were handcuffed and taken to a temporary holding cell where plaintiff alleges that defendant Knight told them they

were going to administrative segregation for investigation for conspiracy to commit murder on a peace officer. (ECF No. 1 at 13.) Subsequently, defendant Knight allegedly falsified charges in a rules violation report that resulted in plaintiff being housed in administrative segregation, losing his job, his legal books and half of his legal materials as well as other inmate's legal materials, and ultimately resulted in his adverse transfer to a different prison. The rules violation report was subsequently dismissed based on a due process violation. (ECF No. 1 at 19, 46.)

Plaintiff also raises state tort claims against defendant Knight for defamation (slander and libel), false imprisonment, and malicious prosecution. (ECF No. 1 at 32, 37-42). Plaintiff affirmatively pled compliance with applicable claims statutes. (ECF No. 1 at 8.)

The complaint states a potentially cognizable First Amendment retaliation claim for relief against defendant Knight pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), as well as supplemental state law tort claims. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

II. Referral to Post-Screening ADR Project

The undersigned is referring all post-screening civil rights cases filed by pro se inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,

////

---

[1] If the case does not settle, the court will set a date for the filing of a responsive pleading at the conference.

2

defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

By filing the attached notice within thirty days, the parties shall notify the court whether they waive disqualification for the undersigned to hold the settlement conference or whether they request a different judge. Plaintiff shall also indicate his preference to appear in person or by videoconference, if available. Failure to timely file such notice will result in the case being set for settlement conference before a different judge.

Within thirty days, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference. If difficulties arise in scheduling the settlement conference due to the court's calendar, the parties may seek an extension of the initial 120 day stay.

Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant Knight.

2. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

////

////

3

3. Within thirty days from the date of this order, the parties shall file the attached notice, informing the court whether they waive disqualification for the undersigned to hold the settlement conference, or whether they choose to have the settlement conference held by a different judge.

4. Within thirty days from the date of this order, the assigned Deputy Attorney General shall contact this court's Courtroom Deputy, Alexandra Waldrop, at (916) 930-4187, to schedule the settlement conference.

5. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the judge assigned for settlement.

6. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

7. The parties remain obligated to keep the court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: November 6, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/boba1778.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY BOBADILLA, | No. 2:18-cv-1778 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE RE: JUDGE ELECTION FOR SETTLEMENT CONFERENCE (POST-SCREENING ADR PROJECT) |
| GARY KNIGHT, | |
| Defendant. | |

1. As required by court order, the parties notify the court of the following election:

\_\_\_\_ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and, further, waives any claim of disqualification of the assigned Magistrate Judge on that basis thereafter. This waiver is not to be construed as consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1).

**OR**

\_\_\_\_ The party signing below requests that a different judge hold the settlement conference.

**AND**

2. Plaintiff indicates his preference by checking one:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

**OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

_____
Plaintiff or Counsel for Defendant

1