UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOBADILLA,<br><br>             Plaintiff,<br><br>       v.<br><br>GARY KNIGHT,<br><br>             Defendant. | No. 2:18-cv-1778 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's claim that on May 21, 2017, defendant Knight retaliated against plaintiff based solely on plaintiff's right to free speech in violation of the First Amendment, and includes state tort claims for defamation (slander and libel), false imprisonment, and malicious prosecution.

I. Plaintiff's Motion to Compel

Plaintiff's motion to compel further discovery responses is before the court. As set forth below, plaintiff's motion is denied.

   A. Applicable Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or

1

31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

>discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### B. Interrogatories

Plaintiff seeks further responses to interrogatories six through eight, and thirteen through seventeen, claiming defendant refused to fully answer, asserting multiple objections. Plaintiff states that he needs complete answers for impeachment purposes. (ECF No. 20 at 1.) Defendant opposes the motion, arguing that plaintiff's motion should be denied because plaintiff failed to specifically address why defendant's responses are insufficient, and defendant responded, without waiving the objections. In reply, plaintiff contends that interrogatories six through eight pertain to defendant's character since he began working at CDCR in February of 2005. (ECF No. 23 at 3.) Plaintiff argues that interrogatories thirteen and fourteen seek information regarding the incident or relevant time period because the complaint provides defendant constructive notice of the pertinent dates. (ECF No. 23 at 4.) Plaintiff reiterates that interrogatories fifteen through seventeen seek relevant information pertinent to defendant's credibility. (Id.)

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4).

#### i. Interrogatories Six Through Eight

Interrogatories six through eight asked whether defendant was ever a defendant in another lawsuit, was ever enjoined by a court decree, and if there were procedures, at the time of these

3

incidents, designed to prevent such. (ECF No. 20 at 11-12.) Defendant objected that the interrogatories were overbroad, ambiguous, not relevant, or proportionate to the needs of the case. Further, in response to interrogatories six and seven, defendant answered "No," despite lodging objections. Because defendant answered no to interrogatories six and seven, and interrogatory eight referred to incidents addressed in interrogatories six and seven, defendant responded that interrogatory eight was not applicable to defendant.

Defendant's objections are well-taken. Plaintiff did not limit his interrogatories by time or subject matter and therefore they are overbroad. In any event, defendant provided answers in the negative, so no additional answers are required. Plaintiff's motion to compel further responses to interrogatories six through eight is denied.

ii. Interrogatory Thirteen

In this interrogatory, plaintiff sought "the date and exact sequence of events that took place during any interaction between you and the Plaintiff, including but not limited to the events on the date of the incident/the RTP." (ECF No. 20 at 16.) Defendant objected on the grounds that it was overbroad, ambiguous and unclear what response plaintiff was seeking; specifically, his use of the term "any" interaction was overbroad, and his use of "incident" or the undefined acronym "RTP" were ambiguous. Without waiving objections, defendant answered the interrogatory by explaining what he witnessed on May 21, 2017, and stated he authored a rules violation report thereafter. (ECF No. 20 at 16.)

Defendant's objections are well-taken. Plaintiff failed to identify, by date or description, the "incident' to which he referred, and he failed to define the acronym "RTP." Plaintiff is advised that interrogatories must clearly identify the information sought; defendant is not required to guess or assume that plaintiff was limiting his discovery request to the incident at issue in the complaint. Moreover, despite plaintiff's failure to narrowly draft his interrogatory, defendant provided an answer to the interrogatory, and plaintiff fails to demonstrate how such answer was insufficient. Plaintiff's motion to compel further response is denied.

////

////

### iii. Interrogatory Fourteen

In this interrogatory, plaintiff set forth ten sub-questions (a-j) seeking detailed information concerning "each incident identified in" defendant's response to interrogatory 13. (ECF No. 20 at 16-17.) Defendant objected that plaintiff was attempting to circumvent the limit on interrogatories, and improperly sought confidential personal and personnel information subject to safety concerns and deemed official information, and also on the grounds that the interrogatory was overbroad and ambiguous. Without waiving objections, defendant answered as to plaintiff's interaction with defendant on May 21, 2017.

Defendant's objections are well-taken. Federal Rule of Civil Procedure 33 provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). The Advisory Committee Notes to the 1993 Amendments to the Rule, state, in part, that:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Id. Here, plaintiff did not limit this interrogatory to the May 21, 2017 incident raised in the complaint. Moreover, this interrogatory is based on a prior interrogatory that was similarly overbroad and ambiguous. Interrogatories must clearly identify the incident for which information is sought; defendant is not required to guess or assume that plaintiff was limiting his discovery request to the incident at issue in the complaint. Moreover, despite plaintiff's failure to specifically identify the incident, defendant did provide answers to all of the sub-questions in connection with the May 21, 2017 incident. Plaintiff did not address how or why such answers were insufficient. Plaintiff's motion to compel further response is denied.

////

####    iv. Interrogatory Fifteen

In this interrogatory, plaintiff asked whether defendant ever suffered from any mental disease, defect, or disorder, and if answered in the affirmative, to state the nature, treatment and medical personnel with knowledge of same. (ECF No. 20 at 19.) Defendant objected that plaintiff was attempting to circumvent the limit on interrogatories, and improperly sought personal health care information not relevant to plaintiff's claims. Defendant also objected on the grounds that the interrogatory was overbroad because it was not limited in time. Without waiving objections, defendant answered that defendant did not suffer from any mental health issues that would render him unfit for duty on the date of plaintiff's allegations in his complaint. (ECF No. 20 at 20.)

Defendant's objections are well-taken. Moreover, despite the objections, defendant did provide an answer in connection with the May 21, 2017 incident. Plaintiff did not address how or why such answer was insufficient, only asserting that the interrogatory was necessary to obtain impeachment evidence. Therefore, plaintiff's motion to compel further response is denied.

####    v. Interrogatories Sixteen and Seventeen

Interrogatories sixteen and seventeen sought information related to any criminal convictions or disciplinary actions against defendant. (ECF No. 20 at 20-21.) Defendant objected that plaintiff was attempting to circumvent the limit on interrogatories, and objected on relevance grounds, and on grounds that the interrogatories were overbroad because not limited in time, and ambiguous because although it appears to seek a response in the past, it was not clear. (ECF No. 20 at 20-22.) Defendant further objected that any request for personnel related information or files deemed official information are privileged, and discovery of employment records are restricted by state law. Without waiving objections, defendant answered "no" to both interrogatories. (ECF No. 20 at 20-21.)

Defendant's objections are well-taken. Moreover, despite the objections, defendant did provide answers in connection with the May 21, 2017 incident. Plaintiff did not address how or why such answers were insufficient, only asserting that the interrogatories were necessary to obtain impeachment evidence. Plaintiff's motion to compel further response is denied.

### C. Request for Production of Documents & Request for Admissions

Plaintiff seeks answers to his requests for production of documents and for admissions that were submitted on February 10, 2019. Although defendant received an extension of time to respond, and such deadline had not yet run when plaintiff filed his motion to compel, plaintiff claims he was unclear whether defendant would respond, and needed to file his motion to compel by April 26, 2019 under the court's discovery and scheduling order. Defendant opposes the motion as premature, noting that plaintiff's motion to compel was dated April 22, 2019, and defendant served responses on April 23, 2019. Thus, plaintiff's motion was in reply, plaintiff concedes that his motion did not specifically address defendant's responses because plaintiff did not receive the responses until April 30, 2019. However, plaintiff contends that because he received the responses after the discovery deadline, he was unable to review the responses and timely file a motion to compel further responses. Plaintiff argues that the court should order further briefing regarding defendant's responses to the request for production and for admissions.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B). With respect to requests for admissions, a party may propound requests for admissions of the "truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Plaintiff's motion to compel further responses to the discovery submitted on February 10, 2019, was prematurely filed, and plaintiff did not submit the requests and defendant's responses as required. Thus, plaintiff's motion to compel is denied without prejudice. While plaintiff may not have had sufficient time to receive and review defendant's responses prior to the expiration of the discovery deadline, plaintiff's request to order further briefing is not a proper procedure to address alleged deficiencies in such discovery responses. Rather, following plaintiff's review of the responses, provided a particular response was insufficient, plaintiff must file a motion to reopen or extend the discovery deadline based on the delayed receipt of the responses,

7

accompanied by a proposed motion to compel specifically addressing only the alleged deficient response(s).[1]  If plaintiff believes a response was deficient, plaintiff must file his motion to extend the discovery deadline accompanied by his proposed motion to compel without delay inasmuch as the July 19, 2019 pretrial motions deadline is fast approaching.

II. Request for Subpoena Forms

Finally, plaintiff submitted a request for four subpoena forms.  Plaintiff failed to identify the purpose of such subpoena forms.  At present, no court date has been scheduled that would require the appearance of a witness by subpoena.  Thus, plaintiff's request is denied without prejudice.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 20) is denied as follows:

a. Plaintiff's motion to compel further responses to plaintiff's first set of interrogatories is denied; and

b. Plaintiff's motion to compel further responses to plaintiff's request for production of documents and request for admissions is denied without prejudice.

2. Plaintiff's request for subpoena forms (ECF No. 21) is denied without prejudice.

Dated: June 11, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/boba1778.mtc

---

[1] "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).