UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BOBADILLA,

    Plaintiff,

  v.

GARY KNIGHT,

    Defendant.

No. 2:18-cv-1778 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's claim that on May 21, 2017, while housed at Mule Creek State Prison ("MCSP"), defendant Knight retaliated against plaintiff based solely on plaintiff's right to free speech in violation of the First Amendment and includes state tort claims for defamation (slander and libel), false imprisonment, and malicious prosecution.

I. Plaintiff's Motion to Extend Discovery Deadline

Under the discovery and scheduling order, discovery closed on April 26, 2019. (ECF No. 14.) Plaintiff's previous motion to compel answers to his requests for production of documents and for admissions was denied as premature, but plaintiff was informed he could file a motion to extend the discovery deadline to address a particular response that was insufficient. (ECF No. 24.) On June 19, 2019, plaintiff filed a motion to extend the discovery deadline, along with his proposed motion to compel further responses to his request for production of documents.

1

Defendants oppose any additional extension of the discovery deadline, other than to resolve the responses to the request for production at issue in plaintiff's motion to compel.

The undersigned finds good cause to extend the discovery deadline for the sole purpose of addressing plaintiff's motion to compel further responses to the request for production of documents. Defendants provided their responses to the request on April 23, 2019, shortly before the discovery deadline expired, so plaintiff was deprived of an opportunity to review the documents and timely file his motion to compel. Thus, discovery is extended for the sole purpose of resolving the instant motion to compel. Following its resolution, discovery is closed.

II. Plaintiff's Motion to Compel

Plaintiff's motion to compel further responses to his request for production of documents is before the court. As set forth below, plaintiff's motion is partially granted.

    A. Applicable Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v.

Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

B. Request for Production of Documents

Request No. 2

> REQUEST NO. 2: Any and all incident packages generated by Mule Creek Staff relating to interactions with Plaintiff Anthony Bobadilla on May 21, 2017 at MCSP. This document request includes but is not limited to crime/incident report (Incident Number MCSP-A05-17-05-0226). Review notices, incident commander reviews, management reports of calculated use of force, captain's reviews of use of force crime/incident report critiques, use of force critiques, and associate warden reviews of use of force crime/incident report critiques.
>
> RESPONSE TO REQUEST NO. 2: Defendant objects to this request on the grounds that it is overbroad, not relevant or proportionate to the claims in this case, in that the request seeks material related to a use of force, review, critiques, and reports related to another inmate, however Plaintiff's claims are based on the First Amendment, slander, false imprisonment, libel and malicious prosecution. Defendant also objects on the grounds that the request is overbroad, vague and ambiguous as to what other "incident packages," or "interactions with Plaintiff," Plaintiff is referring to. Defendant objects to this request on the grounds that it seeks confidential information regarding use-of-force critiques and reports. *See* Cal. Code Regs. tit 15, § 3321. Defendant further objects to the extent that portions of the request seek personnel related information, investigative, deliberate [sic] process or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendant objects because discovery of employment records is restricted by California statutes including Penal Code sections 832.7 and 832.8. The request is further overbroad and not relevant to the extent it seeks production of documents which contain information about Defendant and officers other than Defendant, which implicates the official information privilege. The request also implicates privacy rights of third parties, including other inmates. Defendant will not produce information potentially responsive to this request based on these objections and privileges. *See* Defendant's privilege log served concurrently with this response.
>
> Without waiving objections, the Crime/Incident Report package, attached as Exhibit B is a redacted version of portions of the Incident Report MCSP-A05-17-05-0226A1.

(ECF No. 26 at 35-36.)

The request for information concerning the subsequent evaluation of the use of force on May 21, 2017, is not likely to result in relevant evidence because the force was not used on plaintiff, and this action does not include a use of force claim. On May 21, 2017, plaintiff witnessed the use of force on nonparty inmate Brian Jones. As noted, defendant provided

4

plaintiff with a copy of the MCSP Incident Package from May 21, 2017, with redactions.[1] (ECF No. 26 at 69-219.) Plaintiff has failed to demonstrate the relevance of subsequent critiques or evaluations of the use of force on Brian Jones outside plaintiff's cell on May 21, 2017, which use of force occurred before plaintiff alleges defendant retaliated against plaintiff. Rather, this action proceeds on plaintiff's claims that on May 21, 2017, defendant retaliated against plaintiff based solely on plaintiff's right to free speech. How prison officials evaluated the May 21, 2017 use of force on Brian Jones will not shed light on whether defendant subsequently retaliated against plaintiff. Plaintiff's request to be provided or to view the video of the use of force interview of Brian Jones fails for the same reason.

Plaintiff contends he should have been provided with copies of the CDCR Forms 114-A1 or 114-A, for plaintiff and the other three inmates who were taken to administrative segregation following the May 21, 2017 use of force incident, and that at a minimum such documents could have been redacted. Defendant responds that plaintiff's request is overbroad, seeking "any and all incident packages," and that if plaintiff wanted such CDCR 114 forms, he could have specifically asked for them.

It is unclear whether CDCR 114 Forms are part of an "incident package." However, the May 21, 2017 incident report states that plaintiff and three other inmates were to be handcuffed "for incitement." (ECF No. 26 at 76.) Because such other third party inmates apparently witnessed the use of force incident, and were present when defendant addressed plaintiff while all of such inmates were subsequently housed in a temporary holding cell following the incident (ECF No. 1 at 12-13), it is plausible that their CDCR 114 forms might contain relevant information, particularly if such forms reveal another reason for their placement or if they were not placed in administrative segregation at all. Such difference in treatment, if the evidence so demonstrates, could support plaintiff's retaliation claim. Accordingly, defendant is required to submit for in camera review unredacted copies of the three third party inmate CDCR 114 Forms resulting from the May 21, 2017 incident (not including those of plaintiff or inmate Brian Jones).

---

[1] Plaintiff does not specifically challenge the redactions.

Specifically, the court refers to the third party inmates identified in the second paragraph of the May 21, 2017 crime incident report (page 7 of 24), as well as the concluding paragraph (11 of 24). (ECF No. 26 at 76, 80.) Plaintiff should have received a copy of his CDCR 114 forms when prison staff issued them.

Finally, plaintiff failed to demonstrate the relevance of the injuries sustained by inmate Brian Jones as it relates to plaintiff's instant claims. No further production in response to Request No. 2 is required.

Requests Nos. 6 & 7

> REQUEST NO. 6: Any and all documents received, read, or reviewed by defendant Knight that refer or relate to training, policies, or procedures on use of force and documenting incident reports.
>
> RESPONSE TO REQUEST NO. 6: Defendant objects to this request on the grounds that it is overbroad, not relevant or proportionate to the claims in this case, in that the request seeks any and all documents received, read or reviewed related to use of force and documenting incident reports, however, Plaintiff's claims are based on the First Amendment, slander, false imprisonment, libel and malicious prosecution. Defendant also objects on the grounds that the request is overbroad, overly burdensome, and not relevant or proportionate to Plaintiff's claims in that it seeks "any and all documents received, read or reviewed. . ." related to use of force and documenting incident reports, which could implicate numerous documents.
>
> Defendant objects to this request on the grounds that it seeks confidential information regarding use of force training. *See* Cal. Code Regs. tit. 15, § 3321. Defendant further objects to the extent that portions of the request seek personnel related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendant objects because discovery of employment records is restricted by California statutes including Penal Code sections 832.7 and 832.8. *See* Defendant's privilege log served concurrently with this response. Defendant will not produce information potentially responsive to this request based on these objections and privileges.
>
> Without waiving objections, and to the extent this request seeks the use of force policy in effect at MCSP on May 201, attached as Exhibit A is the California Code of Regulations, Title 15, section 3268 et seq., and the Departmental Operations Manual section 51010.1 et seq. Attached as exhibit D is the Departmental Operations Manual supplement section 51030 in effect on May 2017 regarding incident reporting.

(ECF No. 26 at 38-39.)

REQUEST NO. 7: Any and all documents received, read, or reviewed by defendant Knight that refer or relate to training, policies, or procedures on cell extractions.

RESPONSE TO REQUEST NO. 7: Defendant objects to this request on the grounds that it is overbroad, not relevant or proportionate to the claims in this case, in that the request seeks any and all documents received, read or reviewed related to cell extractions, however, Plaintiff's claims are based on the First Amendment, slander, false imprisonment, libel and malicious prosecution. Defendant also objects on the grounds that the request is overbroad, overly burdensome, and not relevant or proportionate to Plaintiff's claims in that it seeks "any and all documents received, read or reviewed..." related to cell extractions, which could implicate numerous documents.

Defendant objects to this request on the grounds that it seeks confidential information regarding cell extraction training. *See* Cal. Code Regs. tit. 15, § 3321. Defendant further objects to the extent that portions of the request seek personnel related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendant objects because discovery of employment records is restricted by California statutes including Penal Code sections 832.7 and 832.8. *See* Defendant's privilege log served concurrently with this response. Defendant will not produce information potentially responsive to this request based on these objections and privileges.

Without waiving objections, and to the extent this request seeks the use of force policy in effect at MCSP on May 201, attached as Exhibit A is the California Code of Regulations, Title 15, section 3268 et seq., and the Departmental Operations Manual section 51010.1 et seq.

(ECF No. 26 at 39-40.)

Defendant's objections to requests nos. 6 and 7 are well-taken. This action is not proceeding on excessive force or cell extraction claims. But in any event, plaintiff's call for "any and all documents received, read or reviewed," is overly broad and unlimited as to time. Plaintiff's motion to compel further production is denied.

Requests Nos. 8 & 9

REQUEST NO. 8: Any and all formal and informal written complaints (including but not limited to 602 forms) against defendant Knight, alleging excessive use of force that occurred prior to May 21, 2017 (including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaints).

7

RESPONSE TO REQUEST NO. 8: Defendant objects to this request on the grounds that it is overbroad, not relevant or proportionate to the claims in this case, in that the request seeks complaints against Defendant Knight alleging use of force, however, Plaintiff's claims are based on the First Amendment, slander, false imprisonment, libel and malicious prosecution. Defendant objects that the request is not relevant or proportionate to Plaintiff's claims, in that it seeks unsubstantiated complaints of third parties. Defendant also objects on the grounds that the request is overbroad, overly burdensome, and not relevant or proportionate to Plaintiff's claims in that it seeks "any and all formal and informal written complaint . . ." related to excessive force, which could implicate numerous documents. Defendant objects to this request on the grounds that it seeks confidential information regarding complaints against staff and by other inmates. *See* Cal. Code Regs. tit. 15, § 3321. Defendant further objects to the extent that portions of the request seek personnel related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendant objects because discovery of employment records is restricted by California statutes including Penal Code sections 832.7 and 832.8. *See* Defendant's privilege log served concurrently with this response.

The request is further overbroad and not relevant to the extent it seeks production of documents which contain information about officers other than Defendant, which implicates the non-defendant officers' privacy rights and official information privilege. The request also implicates privacy rights of other inmates. California Code of Regulations, Title 15, section 3370 prohibits inmates from having access to another inmate's records or component thereof. Defendant will not produce information potentially responsive to this request based on these objections and privileges.

Without waiving objections, and to the extent Plaintiff is requesting production of documents as to whether Defendant has been disciplined for a complaint related to excessive force prior to May 21, 2017, Defendant responds that there are no such disciplinary documents, because Defendant has not been disciplined for a complaint related to excessive force prior to May 21, 2017.

(ECF No. 26 at 40-41.)

REQUEST NO. 9: Any and all formal and informal written complaints (including but not limited to 602 forms) against defendant Knight, alleging any form or type of dishonesty, abuse of power, false imprisonment, and/or obstruction of justice.

RESPONSE TO REQUEST NO. 9: Defendant objects to this request on the grounds that it is overbroad, not relevant or proportionate to the claims in this case, in that the request seeks complaints against Defendant Knight alleging dishonesty, abuse of power . . . and/or obstruction of justice, however, Plaintiff's claims are based on the First Amendment, slander, false imprisonment, libel and malicious prosecution. Defendant objects that the request is not relevant or proportionate to Plaintiff's claims, in that it seeks unsubstantiated

8

> complaints of third parties. Defendant also objects on the grounds that the request is overbroad, overly burdensome, and not relevant or proportionate to Plaintiff's claims in that it seeks "any and all formal and informal written complaint . . ." related to dishonesty, abuse of power, false imprisonment, and/or obstruction of justice, which could implicate numerous documents. Moreover, the time frame is not stated, the only relevant time period would be prior to Plaintiff's complaint allegations of May 21, 2017. Defendant objects to this request on the grounds that it seeks confidential information regarding complaints against staff and by other inmates. *See* Cal. Code Regs. tit. 15, § 3321. Defendant further objects to the extent that portions of the request seek personnel related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Defendant objects because discovery of employment records is restricted by California statutes including Penal Code sections 832.7 and 832.8. *See* Defendant's privilege log served concurrently with this response.
>
> The request is further overbroad and not relevant to the extent it seeks production of documents which contain information about officers other than Defendant, which implicates the non-defendant officers' privacy rights and official information privilege. The request also implicates privacy rights of other inmates. California Code of Regulations, Title 15, section 3370 prohibits inmates from having access to another inmate's records or component thereof. Defendant will not produce information potentially responsive to this request based on these objections and privileges.
>
> Without waiving objections, and to the extent Plaintiff is requesting production of documents as to whether Defendant has been disciplined for a complaint related to dishonesty, abuse of power, false imprisonment, and/or obstruction of justice prior to May 21, 2017, Defendant responds that there are no such disciplinary documents, because Defendant has not been disciplined for a complaint related to dishonesty, abuse of power, false imprisonment, and/or obstruction of justice prior to May 21, 2017.

(ECF No. 26 at 41-42.)

The undersigned finds defendant's objections to requests nos. 8 and 9 are also well-taken. Plaintiff's requests were overbroad, and were not limited as to time or subject matter pertinent to plaintiff's retaliation or state law claims. Plaintiff's motion to compel further production in response to requests nos. 8 or 9 is denied.

### C. Brian Jones

In his declaration, plaintiff claims he was told by other inmates that Brian Jones subsequently committed suicide at California State Prison, Sacramento, and that he needs to know whether this is true because Jones is a "pertinent witness." However, the discovery requests at

9

issue in plaintiff's motion to compel did not seek such information. Therefore, the undersigned does not address such issue.

III. Pending Motion for Summary Judgment

Plaintiff is relieved of his obligation to file an opposition to defendant's motion for summary judgment. After the court conducts the in camera review, the court will issue a revised briefing schedule on defendant's pending motion.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline (ECF No. 25) is partially granted; discovery is extended for the sole purpose of resolving the instant motion to compel;

2. Plaintiff's motion to compel (ECF No. 26) is granted in part, as follows:

    a. Plaintiff's motion to compel further responses to his Request No. 2 is partially granted.

    b. Within fourteen days from the date of this order, defendants shall submit to the court, for in camera review, unredacted copies of the three, third party inmate CDCR 114 Forms resulting from the May 21, 2017 incident, as identified in the second paragraph of the May 21, 2017 crime incident report (page 7 of 24), as well as the concluding paragraph (11 of 24). (ECF No. 26 at 76, 80.)

    c. In all other respects, plaintiff's motion is denied.

3. Pending further order of court, plaintiff is relieved of his obligation to file an opposition to defendant's motion for summary judgment.

Dated: August 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

boba1778.mtc2