UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BOBADILLA,

    Plaintiff,

v.

GARY KNIGHT,

    Defendant.

No. 2:18-cv-1778 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's claim that on May 21, 2017, while housed at Mule Creek State Prison ("MCSP"), defendant Knight retaliated against plaintiff based solely on plaintiff's right to free speech in violation of the First Amendment and includes state tort claims for defamation (slander and libel), false imprisonment, and malicious prosecution. On August 1, 2019, plaintiff's motion to compel further production in response to request number 2 was partially granted, and defendants were ordered to submit documents for *in camera* review.[1] Following the *in camera* review, as set forth below, the undersigned finds that no further production of documents is required. Plaintiff's

////

---

[1] "REQUEST NO. 2: Any and all incident packages generated by Mule Creek Staff relating to interactions with Plaintiff Anthony Bobadilla on May 21, 2017 at MCSP. This document request includes but is not limited to crime/incident report (Incident Number MCSP-A05-17-05-0226)...." (ECF No. 26 at 35.)

1

subsequently-filed motion for counsel is denied, but he is granted sixty days in which to oppose defendant's pending motion for summary judgment.

In Camera Review

The May 21, 2017 incident report states that plaintiff and three other inmates were to be handcuffed "for incitement." (ECF No. 26 at 76.) Because such other third party inmates apparently witnessed the use of force incident, and were present when defendant addressed plaintiff while all of such inmates were subsequently housed in a temporary holding cell following the incident (ECF No. 1 at 12-13), it is plausible that their CDCR 114 forms might contain relevant information, particularly if such forms reveal another reason for their placement or if they were not placed in administrative segregation at all. Such difference in treatment, if the evidence so demonstrates, could support plaintiff's retaliation claim.

However, review of the CDCR 114 forms reflect that the subsequent housing of the three nonparty inmates in administrative segregation involved no interaction with plaintiff. Although plaintiff maintains that he was placed in a holding cell with one or more of such nonparty inmates following his extraction from his cell, the administrative segregation unit placement notices for such nonparty inmates do not address such housing and do not include any statements by the nonparty inmates, either concerning plaintiff's instant claims or otherwise. The confidential documents simply confirm that the three third party inmates were put in administrative segregation, as was plaintiff. Plaintiff was previously provided evidence that demonstrates the three third party inmates were placed in administrative segregation. (See, e.g., ECF No. 26 at 76.) The confidential documents do not provide any facts concerning the subsequent housing of plaintiff with any third party inmate following the May 21, 2017 altercation between inmate Jones and the correctional officers. There are no statements by the third party inmates in the confidential documents. Finally, plaintiff was previously provided a copy of the Crime/Incident Report, Log No. MCSP-A05-17-05-0226, with redactions. (ECF No. 26 at 69-208 (Deft.'s Ex. B at 1-219).) Plaintiff did not challenge the redactions, simply claimed he did not get 114 forms for third party inmates. (ECF No. 26 at 2-3.) But plaintiff was previously provided copies of the

////

three nonparty administrative segregation unit placement notices, with redactions. (ECF No. 26 at 153-56.) Plaintiff did not challenge the redactions. (ECF No. 26 at 2-3.)

Therefore, no additional production is required.

II. Request for Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Moreover, although plaintiff claims he has been unable to conduct an investigation depose defendant, the record reflects plaintiff was able to conduct discovery, and has diligently prosecuted his case.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel, and his request for counsel is denied. However, the court will grant plaintiff sixty days in which to oppose the pending motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Following *in camera* review, plaintiff's motion to compel (ECF No. 26) further production in response to Request No. 2 is denied.

2. Plaintiff's motion for the appointment of counsel (ECF No. 37) is denied.

////

////

3. Within sixty days from the date of this order, plaintiff shall file his opposition to the July 12, 2019 motion for summary judgment (ECF No. 31). Plaintiff is cautioned that failure to file an opposition may result in a recommendation that this action be dismissed.

4. The Clerk of the Court shall file the confidential documents under seal.

Dated: August 20, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/boba1778.icr